ALD-177                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4045
_____

RONALD RICHARD SMITH,
                                        Appellant

v.

UNITED STATES PAROLE COMMISSION;
FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-02051)
District Judge:  Honorable William J. Nealon, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 20, 2014

Before:  RENDELL, FISHER and GREENAWAY, JR. , <u>Circuit</u> <u>Judges</u>

(Opinion filed April 14, 2014)
_____

OPINION
_____

PER CURIAM

        Federal prisoner Ronald Richard Smith appeals pro se from the order of the United

States District Court for the Middle District of Pennsylvania ("the District Court")

denying him habeas relief. For the reasons that follow, we will summarily affirm.

I.

In 1982, the United States District Court for the Eastern District of Pennsylvania ("the Eastern District") sentenced Smith to 18 years' imprisonment following his conviction for bank robbery and escape. In 1989, the United States Parole Commission ("the Commission") paroled him from that sentence.[1] While on parole, he was arrested in connection with another bank robbery. In light of that arrest, the Commission issued a warrant charging him with violating the conditions of his parole. Because he was already in custody in connection with the new bank robbery, the Commission's warrant was lodged as a detainer. In 1993, the Eastern District convicted Smith of the new bank robbery charge and sentenced him to 146 months in prison for that offense.

In March 2003, upon completion of Smith's 1993 sentence, the Commission's warrant was executed. In July 2003, a parole revocation hearing was held. The hearing examiner recommended that Smith's parole be revoked, that he be reparoled after serving 133 months in prison, and that he not receive credit toward his 1982 sentence for any of the time that he had spent on parole (i.e., the time between his 1989 parole and the execution of the Commission's warrant in March 2003). Two weeks after the hearing, the Commission issued a Notice of Action ("NOA") adopting that recommendation. Smith's administrative appeal to the National Appeals Board ("NAB") was unsuccessful.

---

[1] The Sentencing Reform Act of 1984 abolished parole in the federal system, but only for offenses committed after November 1, 1987. Furnari v. Warden, Allenwood Fed. Corr. Inst., 218 F.3d 250, 252 n.1 (3d Cir. 2000).

At the time of Smith's parole revocation hearing, he had been in federal custody for the past 132 months. Because that time counted against the 133-month term noted above, see 28 C.F.R. § 2.21(c), he was reparoled in August 2003.

In 2006, Smith was arrested and charged in connection with yet another bank robbery. As a result, the Commission issued another warrant, charging him with once again violating the conditions of parole relating to his 1982 sentence. In November 2006, the Eastern District sentenced Smith to 105 months' imprisonment for this latest bank robbery. In January 2012, the Commission was informed that its 2006 warrant had been lodged as a detainer at the federal prison in which Smith was incarcerated.

In October 2012, Smith commenced this pro se action against the Commission and the Federal Bureau of Prisons ("BOP") by filing a document titled "Motion to Protect Peoples' [sic] Rights United States Constitution 5th Amendment" in the District Court. He claimed that his 1982 sentence expired in 2003 when he finished serving the 133-month term handed down in the NOA and, thus, the detainer currently lodged against him was "false." He further claimed that this "false" detainer "stops his community programs in which liberty issues are at risk to gain employment and residence." In light of these allegations, he asked that the detainer be removed, and that he be awarded money damages. The Commission and the BOP opposed his filing and requests for relief.

On September 12, 2013, the District Court issued a memorandum and order addressing Smith's claims. The court, construing his initial filing as a habeas petition brought under 28 U.S.C. § 2241, rejected his claims and denied relief. The court

3

concluded that the current detainer was valid, and that his 1982 sentence had not expired in 2003. Furthermore, the court concluded that Smith's complaint relating to his ability to participate in community programs was meritless in light of Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976), and that money damages were not available in a habeas proceeding.

Smith timely appealed from the District Court's judgment. Thereafter, on March 4, 2014, the Clerk of this Court directed the parties to provide information regarding Smith's current status. The Government reported that on February 5, 2014, he was "released" from his 2006 sentence. On that same date, the Commission's 2006 warrant was executed and, thus, Smith remained in federal custody. The Government further reported that, pursuant to 28 C.F.R. § 2.49(f), the Commission has 90 days following the execution of that warrant to hold a parole revocation hearing.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] We review the District Court's denial of habeas relief de novo, exercising plenary review over the court's legal conclusions and reviewing its findings of fact for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

Because Smith effectively challenges the execution of his 1982 sentence, we agree with the District Court's decision to treat this case as one brought under § 2241. See

---

[2] Smith does not need to obtain a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

4

<u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005). We also agree with the District Court that he cannot prevail on his claim for money damages or his claim relating to his ability to participate in community programs. All that remains, then, is his claim that the Commission's detainer lodged after his 2006 arrest should be removed because his 1982 sentence expired in 2003. We consider that claim below.[3]

When Smith was originally paroled from his 1982 sentence in 1989, he still had about 11 years remaining on that sentence. When his parole was revoked in July 2003, the NOA declared that none of the time that he had spent on parole — the time between his 1989 parole and the execution of the Commission's warrant in March 2003 — would be credited toward the satisfaction of that sentence. That determination is consistent with the Commission's regulation interpreting former 18 U.S.C. § 4210(b)(2):

> if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence.

28 C.F.R. § 2.52(c)(2).

In light of the above, it is clear that, when Smith was reparoled in August 2003, he still had more than 10 years remaining on his 1982 sentence.[4] His arguments to the

---

[3] That the warrant upon which the detainer was based has now been executed does not moot Smith's claim. The essence of his claim — that he is being confined beyond the expiration date of his 1982 sentence — remains a live controversy.

[4] It appears that the time between the execution of the first warrant in March 2003 and Smith's reparole in August 2003 was credited toward his 1982 sentence.

contrary are unavailing. He originally argued that his 1982 sentence expired in 2003 when he completed the 133-month period referenced in the NOA. But that period of time was calculated for purposes of determining when he would be *reparoled* from his 1982 sentence, not when that sentence would expire. He later argued that his 1982 sentence expired on March 13, 2004, because the NAB's decision listed that date as the "new full term date" for this sentence. He is mistaken. The Commission's certificate of parole that issued when he was reparoled in August 2003 clearly indicated that his 1982 sentence was, at that time, scheduled to end in 3863 days — at midnight on March 13, *2014*.[5] Because the NAB's decision gave no indication that the certificate's date was incorrect, there is no reason to believe that the NAB's reference to March 13, *2004*, was anything other than a typographical error. As a result, we see no reason to disturb the District Court's denial of habeas relief.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6. Smith's motion for appointment of counsel, as well as his requests for relief set forth in his filing titled "Order for Immediate Release from Illegal Imprisonment," are denied. Finally, to the extent that his response to the Clerk's March 4, 2014 order and his reply to the Government's response to that order seek any other relief, those requests are denied, too.

---

[5] There is no indication that Smith's 1982 sentence actually expired on March 13, 2014. Indeed, in light of his 2006 conviction, it appears that the "full term date" for his 1982 sentence is now not until sometime in the 2020s. See 28 C.F.R. § 2.52(c)(2). Of course, we leave it to the Commission and the BOP to calculate the new full term date in the first instance.